UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,
          Plaintiff,

-vs-                                             Case No. 6:06-cv-479-Orl-22UAM

JAMES A. SPITZER,
          Defendant.
_____

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| MOTION: | UNITED STATES' MOTION FOR ATTORNEY'S FEES (Doc. No. 40) |
| FILED: | February 28, 2007 |
| THEREON it is **RECOMMENDED** that the motion be **GRANTED**. | |

I.    PROCEDURAL HISTORY

Plaintiff filed this action seeking to recover an erroneous income tax refund for the year 2004, alleging that Plaintiff refunded Defendant $16,936 based on the false tax returns, where he should have received only $322 based on his actual earnings. On his 2004 tax return, Defendant reported that he earned no wages, tips, or salaries, adjusted gross income, or taxable income, but Rollins College, Defendant's employer, reported his 2004 wages as $86,483, with $16,936 withheld in federal income taxes. *See* Doc. Nos. 1, 36.

On February 13, 2007, the district court granted Plaintiff's motion for summary judgment. Doc. No. 37. In doing so, the district court also denied Defendant's motion for summary judgment and rejected as frivolous Defendant's contentions that he is not required to pay federal income tax because he received his Rollins College earnings for work that was unconnected to any federal activity. *Id.* at 4. The district court noted that in such cases, the United States Court of Appeals for the Eleventh Circuit mandates sanctions in the form of double costs and reasonable attorney's fees to Plaintiff, and ordered Plaintiff to submit an affidavits of its costs and reasonable attorney's fees. *Id.*

On February 14, 2007, the district court amended its prior summary judgment order to direct that the Clerk enter judgment against Defendant with "Plaintiff's costs in the action." Doc. No. 38. The district court also "expressly reserve[d] jurisdiction to award attorney's fees" and ordered Plaintiff to submit its fees motion and accompanying affidavits by February 28, 2007. *Id.* The Clerk entered judgment the following day. Doc. No. 39.

Plaintiff now seeks an award of $16,285.35 for attorney's fees and "double costs" for Spitzer's frivolous defense of the case. Doc. No. 40. Pursuant to two Court orders, Plaintiff has filed two supplemental briefs in support of its motion for fees and costs. *See* Doc. Nos. 42, 43, 46, 47. Defendant filed an untimely memorandum in opposition in which he argues that his defense was not frivolous and asserts that, in fact, his earnings Rollins College earnings were not "wages" for which he was required to pay income tax. *See* Doc. No. 44.

## II. ANALYSIS

Plaintiff seeks sanctions pursuant to, *inter alia*, the district court's "inherent power to impose sanctions against a party whose conduct is frivolous or abusive." *See* Doc. No. 43 at 5.[1] The Court may award attorney's fees where a party has "acted in bad faith, vexatiously, wantonly or for oppressive reasons," as part of its "inherent power to control the proceedings before it." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-46 (1991); *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1545 (11th Cir. 1993). "The key to unlocking a court's inherent power is a finding of bad faith." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998). A finding of bad faith is warranted where a party "knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Id.*

Throughout this case, Defendant did not deny that Rollins College paid him $86,483 in earnings, but instead, Defendant repeatedly argued that the "United States of America" had no authority to institute this action and that he did not owe any income tax because his earnings were unconnected to federal activities, and as such, he was not required to pay federal income tax. *See* Doc. No. 9 (motion to dismiss for lack of jurisdiction), Doc. No. 12 (reply), Doc. No. 18 (Defendant's motion for summary judgment), Doc. No. 24 (answer and affirmative defenses), Doc. No. 26

---

[1] Plaintiff seeks attorney's fees and double costs pursuant to the Internal Revenue Code at 26 U.S.C. § 6673, 28 U.S.C. § 1927, and/or the Court's inherent power to impose sanctions. *See* Doc. No. 43. The Court may exercise its "inherent power" to sanction bad faith misconduct even if that conduct could be sanctioned under a statute or procedural rule (such as 28 U.S.C. § 1927 or Federal Rule of Civil Procedure 11). *See Chambers*, 501 U.S. at 49-51. When bad faith conduct in the course of litigation could be adequately sanctioned under a statute or rule, however, the Court should ordinarily rely on the statute or rule, and not on its inherent power, which the Court should exercise with "great caution." *Id.* 26 U.S.C. § 6673 applies to proceedings unlike the one before the court, and there is some authority that 28 U.S.C. § 1927 does not apply to *pro se* litigants (although the Eleventh Circuit has not decided the issue). *See Sassower v. Field*, 973 F.2d 75, 80 (2nd Cir. 1992).

(memorandum in opposition to Plaintiff's motion for summary judgment).[2] Defendant's entire defense of this case, as evidenced by his continued assertion of frivolous arguments in the face of clear law,[3] was in bad faith; unreasonably delayed and multiplied this litigation; and warrants the imposition of sanctions pursuant to this Court's inherent power.

The district court has already found that "**[n]ot only is [Defendant's] argument frivolous, but the Eleventh Circuit mandates sanctions, in the form of double costs and reasonable attorney's fees to Plaintiff, be imposed on its proponent.**" Doc. No. 37 at 4 (emphasis added).[4] Plaintiff requests double costs in the amount of $80 for the $40 cost of effecting service on Defendant and attorney's fees in the amount of $16,205.35 for the work of attorneys Mary Apostolakos Hervey, Philip A. Doyle, Michael J. Kearns, Thomas J. Sawyer, and Robert D. Metcalfe, and paralegal Sara Torres. *See* Doc. No. 40-3. Plaintiff claims that the attorneys and paralegals expended 105.5 hours on this case at hourly rates between $147.39 and $168.96 for the attorneys and an hourly rate of $67.27 for the paralegal. *Id.* at 3-4. Plaintiff has filed declarations in support of the hourly rates and hours spent. *See* Doc. Nos. 40-2, 40-3, 47, 47-2, 47-3.

---

[2] Defendant asserted these arguments even after Plaintiff detailed the relevant statutes and case law. *See* Doc. No. 10. Defendant, in fact, also multiplied the litigation by filing extraneous motions containing other frivolous arguments. *See* Doc. No. 25 (frivolous motion to strike the complaint on the basis that Plaintiff's counsel was not a member of the Florida state bar).

[3] Federal courts, including the United States Court of Appeals for the Eleventh Circuit, have consistently and uniformly rejected arguments similar to Defendant's. *See, e.g., Stoecklin v. Comm'r*, 865 F.2d 1221 (11th Cir. 1989); *McNair v. Egger*, 788 F.2d 1509 (11th Cir. 1986); *Hyslep v. United States*, 765 F.2d 1083 (11th Cir. 1985); *Lonsdale v. Comm'r*, 661 F.2d 71 (5th Cir. 1981); *Wilcox v. Comm'r*, 848 F.2d 1007 (9th Cir. 1988).

[4] The United States Court of Appeals for the Eleventh Circuit often awards attorney's fees and double costs an appellee for the cost of defending a frivolous *appeal* to the Eleventh Circuit. *Motes v. United States*, 785 F.2d 928 (11th Cir. 1986); *Waters v. Comm'r*, 764 F.2d 1389 (11th Cir. 1985); *Hobson v. Fischbeck*, 758 F.2d 579 (11th Cir. 1985); *Ricket v. United States*, 773 F.2d 1214 (11th Cir. 1985).

The Court has considered Plaintiff's declarations, Defendant's failure to object to the amount of fees and costs requested by Plaintiff, the procedural history of this case, and the Court's own knowledge and experience concerning reasonable and proper rates,[5] and finds that the hourly rates claimed are reasonable (and, in fact, lower than the typical Orlando market rate) and that the number of hours claimed is also reasonable.

Accordingly, it is

**RECOMMENDED** that Plaintiff's motion be granted and Defendant be ordered to pay Plaintiff $16,285.35 as a sanction for his frivolous and bad faith defense of the entire case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July __, 2007.

Donald P. Dietrich
United States Magistrate Judge

Copies furnished to:

The Honorable Anne C. Conway
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[5] The Court, in assessing the amount of a fee award, "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.1988).